**BARSHAY SANDERS, PLLC**
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
Email: *ConsumerRights@BarshaySanders.com*
*Attorneys for Plaintiff*
Our File No.: 111666

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| Susan Thomas, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>vs.<br><br>Vital Recovery Services, Inc., First Financial Investment Fund V, LLC, First Financial Investment Fund Holdings, LLC and First Financial Investment Fund I,<br><br>Defendants. | Docket No:<br><br>**COMPLAINT—CLASS ACTION**<br><br>JURY TRIAL DEMANDED |

Susan Thomas, individually and on behalf of all others similarly situated (hereinafter referred to as "*Plaintiff*"), by and through the undersigned counsel, complains, states and alleges against Vital Recovery Services, Inc., First Financial Investment Fund V, LLC, First Financial Investment Fund Holdings, LLC and First Financial Investment Fund I (hereinafter referred to collectively as "*Defendants*"), as follows:

**INTRODUCTION**

1. This action seeks to recover for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692, *et seq.*, ("FDCPA").

**JURISDICTION AND VENUE**

2. This Court has federal subject matter jurisdiction pursuant to 28 U.S.C. §1331 and 15 U.S.C. § 1692k(d).

1

3. Venue is proper under 28 U.S.C. §1391(b) because a substantial part of the events or omissions giving rise to the claim occurred in this Judicial District.

4. At all relevant times, Defendants conducted business within the State of New York.

## PARTIES

5. Plaintiff Susan Thomas is an individual who is a citizen of the State of New York residing in Westchester County, New York.

6. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

7. On information and belief, Defendant Vital Recovery Services, Inc., is a Georgia Corporation with a principal place of business in Gwinnett County, Georgia.

8. On information and belief, Defendant First Financial Investment Fund V, LLC, is a Georgia Limited Liability Company with a principal place of business in Gwinnett County, Georgia.

9. On information and belief, Defendant First Financial Investment Fund Holdings, LLC, is a Georgia Limited Liability Company with a principal place of business in Gwinnett County, Georgia.

10. On information and belief, Defendant First Financial Investment Fund I, LLC, is a Georgia Limited Liability Company with a principal place of business in Gwinnett County, Georgia.

11. Defendants are regularly engaged, for profit, in the collection of debts allegedly owed by consumers.

12. Defendants are "debt collectors" as defined by 15 U.S.C. § 1692a(6).

## ALLEGATIONS

13. Defendants allege Plaintiff owes a debt ("the debt").

14. The debt was primarily for personal, family or household purposes and is therefore a "debt" as defined by 15 U.S.C. § 1692a(5).

15. Sometime after the incurrence of the debt Plaintiff fell behind on payments owed.

16. The debt was incurred on a credit card.

17. The credit card accrued interest.

18. The credit card accrued late fees.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

19.     Thereafter, at an exact time known only to Defendants, the debt was assigned or otherwise transferred to Defendants for collection.

20.     In their efforts to collect the debt, Defendants contacted Plaintiff by letter ("the letter") dated July 20, 2016. (**"Exhibit 1."**)

21.     The letter was the initial communication Plaintiff received from Defendants.

22.     The letter is a "communication" as defined by 15 U.S.C. § 1692a(2).

## FIRST COUNT
### Violation of 15 U.S.C. § 1692g
### Failure to Adequately Convey the Amount of the Debt
### AGAINST ALL DEFENDANTS

23.     Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

24.     15 U.S.C. § 1692g provides that within five days after the initial communication with a consumer in connection with the collection of any debt, a debt collector shall, unless the information is contained in the initial communication or the consumer has paid the debt, send the consumer a written notice containing certain enumerated information.

25.     One such requirement is that the debt collector provide "the amount of the debt." 15 U.S.C. § 1692g(a)(1).

26.     A debt collector has the obligation not just to convey the amount of the debt, but to convey such clearly.

27.     The letter sets forth a "Principal Amount Due" of $10,343.80.

28.     The letter sets forth an "Interest Due" of $4,001.74.

29.     The letter sets forth a "Total Balance Due" of $14,345.54.

30.

31.     The letter fails to disclose whether the "Total Balance Due" may increase due to additional interest.

32.     The letter fails to disclose whether the "Total Balance Due" may increase due to additional late fees.

33.     The letter fails to include any "safe harbor" language concerning the accrual of interest and/or fees.*Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

34.     The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt.

3

35. The letter, because of the aforementioned failures, would render the least sophisticated consumer unable to determine the amount of his or her debt because the consumer would not know whether interest and fees would continue to accrue, or whether the amount of the debt was static.

36. The least sophisticated consumercould reasonably believe that the debt could be satisfied by remitting the "Total Balance Due" at any time after receipt of the letter.

37. The least sophisticated consumercould also reasonably believe that the "Total Balance Due" was accurate only on the date of the letter because of the continued accumulation of interest and/or late fees.

38. If interest is continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the applicable interest rate, or date of accrual.

39. If late fees are continuing to accrue, the least sophisticated consumer would not know how to satisfy the debt because the letter fails to indicate the amount of applicable and/or possible late fees.

40. For these reasons, Defendants failed to clearly state the amount of the debt.

41. For these reasons, Defendants failed to unambiguously state the amount of the debt.

42. For these reasons, the letter would likely make the least sophisticated consumer uncertain as to the amount of the debt.

43. For these reasons, the letter would likely make the least sophisticated consumer confused as to the amount of the debt.

44. Defendants violated § 1692g as they failed to clearly, explicitly and unambiguously convey the amount of the debt.

### SECOND COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AGAINST ALL DEFENDANTS

45. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

46. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

4

47. The question of whether a collection letter is deceptive is determined from the perspective of the "least sophisticated consumer."

48. While § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

49. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

50. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

51. 15 U.S.C. § 1692e requires debt collectors, when they notify consumers of their account balance, to disclose whether the balance may increase due to interest and fees. *Avila v. Riexinger & Associates, LLC*, 817 F.3d 72, 76 (2d Cir. 2016).

52. As previously alleged, the least sophisticated consumercould reasonably read the letter to mean that the "Total Balance Due" was static.

53. As previously alleged, the least sophisticated consumer could also reasonably read the letter to mean that the "Total Balance Due" was dynamic due to the continued accumulation of interest and/or late fees.

54. Because the letter is susceptible to an inaccurate reading by the least sophisticated consumer, it is deceptive under 15 U.S.C. § 1692e.

55. Because the letter can reasonably be read by the least sophisticated consumer to havetwo or more meanings, one of which is inaccurate,as described, it is deceptive under 15 U.S.C. § 1692e.

56. Defendants violated 15 U.S.C. § 1692e by using a false, deceptive and misleading representation in their attempt to collect a debt.

**THIRD COUNT**
**Violation of 15 U.S.C. § 1692e and § 1692f**
**False or Misleading Representations**
**AGAINST ALL DEFENDANTS**

57. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

58. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representations or means in connection with the collection of any debt.

5

59. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt.

60. § 1692e(2)(B) prohibits the false representation of any services rendered or compensation that may belawfully received by any debt collector for the collection of a debt.

61. 15 U.S.C. § 1692e(5) specifically prohibits threatening "to take any action thatcannot legally be taken or that is not intended to be taken."

62. 15 U.S.C. § 1692e(10) specifically prohibits the "use of any false representationor deceptive means to collect or attempt to collect any debt."

63. 15 U.S.C. § 1692f provides a debt collector may not use unfair or unconscionable means to collect or attempt to collect any debt.

64. §1692f(1) limits prohibits the collection of any amount, including any interest, fee, charge, or expense incidental to the debt, unless such amount is expressly authorized by the agreement creating the debt or permitted by law.

65. The letter states "Misc. Fee Due."

66. The "Misc. Fee Due" are listed as "$0.00."

67. A collection letter is deceptive under 15 U.S.C. § 1692e if it can reasonably be read by the least sophisticated consumer to have two or more meanings, one of which is inaccurate.

68. A collection letter is also deceptive under 15 U.S.C. § 1692e if it is reasonably susceptible to an inaccurate reading by the least sophisticated consumer.

69. Although the "Misc. Fee Due" is listed as "$0.00," the letter could reasonably be read by the least sophisticated consumer to mean that there could be "Misc. Fees" added to the debt in the future.

70. The letter could reasonably be read by the least sophisticated consumer to imply that there could be "Misc. Fees" added to the debt in the future.

71. The letter falsely implies that Defendants have the right to add "Misc. Fees" to the debt.

72. Defendants have no legal basis to add "Misc. Fees" to the debt.

73. The letter could reasonably be read by the least sophisticated consumer to threaten to collect a fee.

74. The letter falsely implies that Defendants have the right to add a fee to the debt.

BARSHAY | SANDERS PLLC
100 Garden City Plaza, Suite 500
Garden City, New York 11530

6

75. Defendants have no legal basis to add a fee to the debt.

76. Defendants' conduct, as described, violates § 1692e and § 1692f.

## FOURTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AGAINST ALL DEFENDANTS

77. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

78. Plaintiff's debt is time-barred.

79. The letter demands payment.

80. Making any payment on the time-barred debt may result in revival of Plaintiff's otherwise time-barred debt.

81. Defendants' letter failed to disclose that if the consumer is sued on a debt for which the statute of limitations has expired, the consumer may be able to stop the lawsuit by responding to the court that the statute of limitations has expired.

82. Defendants' letter failed to disclose that the consumer is not required to provide the debt collector with an admission, affirmation, or acknowledgment of the debt, a promise to pay the debt, or a waiver of the statute of limitations.

83. Defendants' letter failed to disclose that if the consumer makes any payment on a debt for which the statute of limitations has expired or admits, affirms, acknowledges, or promises to pay such debt, the statute of limitations may restart.

84. 15 U.S.C. § 1692e(2)(A) prohibits the false representation of the character, amount, or legal status of any debt

85. 15 U.S.C. § 1692e(10) prohibits the use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer.

86. The least sophisticated consumer would likely be deceived by Defendants' conduct.

87. The least sophisticated consumer would likely be deceived in a material way by Defendants' conduct.

88. Through the actions described above, Defendants have violated the aforementioned provisions of the FDCPA.

BARSHAY | SANDERS PLLC
100 GARDEN CITY PLAZA, SUITE 500
GARDEN CITY, NEW YORK 11530

## FIFTH COUNT
### Violation of 15 U.S.C. § 1692e
### False or Misleading Representations
### AGAINST ALL DEFENDANTS

89. Plaintiff repeats and realleges the foregoing paragraphs as if fully restated herein.

90. 15 U.S.C. § 1692e prohibits a debt collector from using any false, deceptive, or misleading representation or means in connection with the collection of any debt.

91. While 15 U.S.C. § 1692e specifically prohibits certain practices, the list is non-exhaustive, and does not preclude a claim of falsity or deception based on any non-enumerated practice.

92. 15 U.S.C. § 1692e(14) prohibits the use of any business, company, or organization name other than the true name of the debt collector's business, company, or organization.

93. The letter states the creditor as "FFIFH, LLC."

94. "FFIFH, LLC" is not the true name of any of the Defendants.

95. Defendants failed to use their "true name" as required by 1692e(14).

## CLASS ALLEGATIONS

96. Plaintiff brings this action individually and as a class action on behalf of all persons similarly situated in the state of New York from whom Defendants attempted to collect a delinquent consumer debt using the same unlawful conduct described herein, from one year before the date of this Complaint to the present. This action seeks a finding that Defendants' conduct violates the FDCPA, and asks that the Court award damages as authorized by § 1692k of the FDCPA.

97. The class consists of all natural persons who Defendants sent letters on time-barred debts without providing any notice regarding the effect of payment on the time-barred debts.

98. The Class consists of more than 35 persons from whom Defendants attempted to collect delinquent consumer debts.

99. Plaintiff's claims are typical of the claims of the Class. Common questions of law or fact raised by this class action complaint affect all members of the Class and predominate over any individual issues. Common relief is therefore sought on behalf of all members of the Class.

This class action is superior to other available methods for the fair and efficient adjudication of this controversy.

100. The predominant common question is whether Defendants' practices violate the FDCPA.

101. Plaintiff will fairly and adequately protect and represent the interests of the Class. The management of the class action proposed is not extraordinarily difficult, and the factual and legal issues raised by this class action complaint will not require extended contact with the members of the Class, because Defendants' conduct was perpetrated on all members of the Class and will be established by common proof. Moreover, Plaintiff has retained counsel experienced in actions brought under the FDCPA.

102. A class action is the superior means of adjudicating this dispute.

103. The prosecution of separate actions by individual members of the Class would create a risk of inconsistent or varying adjudications with respect to the individual members of the Class, and a risk that any adjudications with respect to individual members of the Class would, as a practical matter, either be dispositive of the interests of other members of the Class not party to the adjudication, or substantially impair or impede their ability to protect their interests. Defendants have acted in a manner applicable to the Class as a whole such that declaratory relief is warranted.

## JURY DEMAND

Plaintiff hereby demands a trial of this action by jury.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiff respectfully requests judgment as follows:

1. Certify this action as a class action; and

2. Appoint Plaintiff as Class Representative of the Class, and her attorneys as Class Counsel; and

3. Find that Defendants' actions violate the FDCPA; and

4. Grant damages against Defendants pursuant to the FDCPA, 15 U.S.C. § 1692k; and

5. Grant Plaintiff's attorneys' fees pursuant to 15 U.S.C. § 1692k; and

6. Grant Plaintiff's costs; together with

7. Such other relief that the Court determines is just and proper.

DATED: January 13, 2017

**BARSHAY SANDERS, PLLC**

By:   */s/ Craig B. Sanders*
Craig B. Sanders, Esq.
100 Garden City Plaza, Suite 500
Garden City, New York 11530
Tel: (516) 203-7600
Fax: (516) 706-5055
csanders@barshaysanders.com
*Attorneys for Plaintiff*
Our File No.: 111666